IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS A. RINCON, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1419-X-BN |
| | § | |
| PEPSICO LAW DEPARTMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Luis A. Rincon, Sr. filed a *pro se* complaint alleging claims of discrimination and retaliation under federal and state law. *See* Dkt. No. 2.

Rincon also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 1. So United States District Judge Brantley Starr referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Rincon's IFP motion. *See* Dkt. No. 5. And the Court entered an order that set out deficiencies in the allegations and offered Rincon an opportunity to file an amended complaint by July 19, 2024. *See* Dkt. No. 11. Rincon filed an amended complaint, alleging claims for racial discrimination, hostile work environment, infliction of emotional distress, defamation of character, improper termination, and retaliation. *See* Dkt. No. 16.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the amended complaint with

prejudice as time barred.

## Legal Standards

A district court is required to screen a civil complaint filed IFP (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v.*

*Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

And for a complaint subject to judicial screening under 28 U.S.C. § 1915(e), if "'it is clear from the face of [such] a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must

be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))).

## Analysis

In his original complaint, Rincon alleged that he received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on March 27, 2022 and that he was terminated on April 28, 2021. *See* Dkt. No. 2 at 10, 16. Rincon does not allege the specific dates for his termination or receipt of the right-to-sue letter in his amended complaint, but it does include allegations about events in May 2021 that he states occurred after his termination. *See* Dkt. No. 16 at 3.

After receiving the right-to-sue letter, Rincon had 90 days to file a civil action. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). But this action was not filed until almost two years later on March 14, 2024. *See* Dkt. No. 2.

But "a litigant is entitled to equitable tolling of a statute of limitations" "if he establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

A plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010

WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.'" (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Rincon does not allege any facts to show equitable tolling. And it is clear from the face of the complaint that equitable tolling would not apply. Because Rincon waited almost two years to file his complaint after receiving the right-to-sue letter, any claim for equitable tolling of the Title VII claims seems implausible.

So Rincon's federal employment law claims should be dismissed with prejudice as time-barred. But to the extent that Rincon can allege a basis for equitable tolling, the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Rincon another opportunity to show that this case should not be dismissed and that the Court should instead grant leave to further amend his complaint. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir.

2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

It is not clear from the complaint whether Rincon alleges claims only under Title VII or also under chapter 21 of the Texas Labor Code. But his claims would also be barred under the Labor Code. Texas law requires a claim to be filed with the Texas Workforce Commission ("TWC") "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE § 21.202(a). It is not clear whether any claim was filed with the TWC, but the latest possible date for Rincon to file would have been October 25, 2021.

And the Labor Code provides that a plaintiff may not bring a civil action under chapter 21 "later than the second anniversary of the date the [administrative] complaint relating to the action is filed." TEX. LAB. CODE § 21.256. So assuming that Rincon filed a timely complaint with the TWC in addition to filing with the EEOC, the latest date he could have timely filed this action was October 25, 2023.

So Rincon's state employment law claims should be dismissed with prejudice as time-barred.

And, under Texas law, Rincon's state tort claims for infliction of emotional distress and defamation are subject to a two-year limitations period. *See* TEX. CIV. P. & REM. CODE § 16.003(a). So Rincon's state law claims should also be dismissed with

prejudice as time-barred.

### Recommendation

The Court should dismiss the Title VII and state law claims in the complaint with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE